MATTHEWS et al. v. EYRES. (No. 5974.)

(Court of Civil Appeals of Texas. Austin. Nov. 14, 1918. Rehearing Denied Dec. 18, 1918.)

1. COURTS ⬦⬦480(2)—INJUNCTION — STAYING PROCEEDINGS ON JUDGMENT OF OTHER COURT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4653, providing that injunctions granted to stay execution of a judgment shall be returnable to and tried in the court where judgment was rendered, a suit to stay execution of a judgment foreclosing a chattel mortgage cannot be maintained in a court of a county other than the one in which the judgment was rendered, even though it was claimed that the property involved did not belong to the mortgagor, etc.

2. COURTS ⬦⬦480(2)—INJUNCTION—STAYING EXECUTION.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4653, providing that injunctions granted to stay execution of a judgment shall be returnable to and tried in the court where judgment was rendered, applies to every one who seeks by injunction to stay the execution of a judgment, even though such person was not a party to the original suit.

3. COURTS ⬦⬦480(2)—INJUNCTION—STAYING EXECUTION.

Where defendant was in possession of personal property and the main purpose of his suit was to enjoin execution of the judgment foreclosing a chattel mortgage thereon, he cannot avoid the provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 4653, requiring return of writ to the court rendering the judgment, on the theory that he sought to quiet his title.

Appeal from Travis County Court; D. J. Pickle, Judge.

Suit by W. G. Eyres against Geo. S. Matthews and the Crockett State Bank. From a judgment for plaintiff, defendants appeal. Reversed and remanded, with directions to dismiss.

Moore & Ellis, of Crockett, for appellants.
Thelbert Martin and A. S. Phelps, both of Austin, for appellee.

KEY, C. J. In December, 1914, Steve Beasley, as principal, and W. P. Harris, as surety, executed a promissory note payable to the Crockett State Bank; and at the same time Steve Beasley executed a chattel mortgage on certain personal property, including a piano, a buggy, harness, and a horse. After the note fell due, the bank sued Steve Beasley and his wife, and recovered a personal judgment against him, and a judgment against both his wife and him foreclosing the mortgage referred to, and ordering the property above mentioned to be sold in satisfaction of the judgment. Upon that judgment an order of sale was issued, and placed in the hands of G. S. Matthews, the sheriff of Travis county, where the property referred

to was situated; whereupon, W. G. Eyres, who was not a party to the suit in the county court of Crockett county, wherein the judgment referred to was rendered, brought an injunction suit in the county court of Travis county, against the bank and Matthews.

In their answer, the defendants, Matthews and the bank, by proper pleas challenged the jurisdiction of the county court of Travis county, which pleas were overruled, and upon trial the court rendered judgment to the effect that Eyres was the owner of the property; that he be quieted in his title and possession thereof, free from any claim or lien thereon asserted by the defendants; and that the temporary injunction which had previously been granted, restraining the defendants from levying on or selling the property referred to by virtue of an order of sale issued out of the county court of Houston county, should be perpetuated. The bank and Matthews have appealed.

[1-3] We sustain the assignments of error which complain of the action of the trial court in overruling the defendants' exceptions, challenging the jurisdiction of the county court of Travis county to enter a judgment restraining the defendants from executing the order of sale issued by the county court of Houston county. Our ruling upon that point is based upon article 4653, Vernon's Sayles' Texas Civil Statutes, which provides:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered."

That statute was construed by this court in Brown v. Fleming, 178 S. W. 964, a case similar in substance to the instant case.

It may be true, as contended by counsel for appellee, that the property in question was the separate property of Mrs. Beasley, who did not sign the mortgage; and that before the foreclosure suit was brought in Houston county appellee purchased it from Mrs. Beasley, and acquired full title thereto; and, if such be the case, he is entitled to protection whenever he invokes the jurisdiction of the proper court to grant such protection. But the fact remains that the relief sought and obtained in the court below, not only stayed and suspended the process issued by the county court of Houston county, but the effect of the judgment is to nullify that portion of the judgment rendered by that court which established and foreclosed a lien upon the property. Such being the result, the case comes clearly within the purview of the statute quoted; and therefore the preliminary injunction should have been returned to that court; and, as the statute quoted is mandatory, the county court of Travis county had no jurisdiction to litigate the rights of

the parties. Nor is it material that appellee was not a party to the litigation which resulted in the judgment of the county court of Houston county. The statute quoted is not limited to injunctions granted at the instance of a party to the judgment, and applies to every one who seeks by injunction to stay proceedings in a suit, or the execution of a judgment. In Brown v. Fleming, supra, the injunction was sought by one who was not a party to the judgment under which the order of sale had been issued, and, notwithstanding that fact, this court held that the statute applied to that case. Nor is it material that, in addition to having the order of sale in this case nullified, appellee also sought and obtained judgment quieting his title to the property. He was in possession of the property, and his petition stated no cause of action entitling him to a judgment quieting his title; and it is manifest that the main, if not the only, purpose of his suit, was to prevent the execution of an order directing the sheriff to sell the property.

While this court is not called upon to justify the wisdom of the Legislature in making proceedings of this kind returnable to the court where the judgment was rendered, it is not amiss to say that the wisdom thereof seems manifest. If that course was not pursued, much confusion and conflict of authority might result; in fact, a sheriff might find himself in the embarrassing situation of being ordered by one court to do a particular thing, and being ordered by another court of equal dignity not to do it. As pointed out in Brown v. Fleming, when an injunction is sought to prevent the sale of property under an ordinary execution which does not order the sale of any particular property, the statute does not apply.

Our conclusion is that the county court of Travis county had no jurisdiction to try the case; and therefore its judgment is reversed, and the cause remanded, with instructions to dismiss the suit.

Reversed and remanded, with instructions.

