GOHLMAN, LESTER & COMPANY V. ADA T. WHITTLE ET AL.

No. 4065.    Decided June 10, 1925.

(273 S. W., 806).

1.—Judgment—Injunction—Venue.

A suit to enjoin the enforcement of a judgment must be brought in the county where the judgment was rendered; and injunction to accomplish this, if granted by another court, is returnable to and to be tried in the court by which the judgment was rendered. Rev. Stats., Arts. 1830, 4653. (Pp. 13, 14.)

2.—Same—Case Stated.

Husband and wife were sued in the county of their residence, personal recovery being sought against both, and attachment issued, and levied on land in another county. The claim for recovery against the wife and her allegations in defense thereof were dismissed, and judgment recovered against the husband only, with foreclosure of the attachment lien and order of sale. The wife, claiming the attached land as her separate property, had the sale enjoined by suit in the District Court of the county where the land lay, over objection made to the jurisdiction of that court. *Held,* that the action enjoined the execution of the judgment foreclosing the attachment lien, and the writ should have been returnable to and the case tried in the court rendering such judgment. (Pp. 13-16.)

### 3.—Same—Cases Distinguished.

The question here ruled is distinguished from cases recognizing the right of an owner to enjoin the sale of his property under execution against another on judgment in a suit to which he was not a party and which did not order foreclosure sale of the specific property: Van Ratcliff v. Call, 72 Texas, 493; Leachman v. Capps, 89 Texas, 691, are distinguished. Seligson v. Collins, 64 Texas, 314; Perrin v. Stevens, 29 S. W., 927; Matthews v. Eyres, 206 S. W., 963; are approved and followed. (14-16.)

### 4.—Jurisdiction—Pleading—Waiver.

Where defendant urged objection to the jurisdiction of the court to enjoin foreclosure sale under judgment of another court, this was not waived by his plea for equitable relief to be asserted only in case his plea to the jurisdiction was overruled. (P. 13.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Hardeman County.

Plaintiff sued to enjoin the sale of land under attachment foreclosure on a judgment rendered by the District Court of Harris County and obtained the relief sought. Defendants appealed, and on affirmance (254 S. W., 595) obtained writ of error.

*James M. Whatley* and *Cole & Cole*, for plaintiffs in error.

That injunction against order of sale must be returned to court in which judgment is rendered: Seligson & Co. v. Collins, 64 Texas, 314; Baker v. Crosbyton South Plains R. R. Co. 107 Texas, 566; Brooks v. Lee, 110 S. W., 756; Matthews v. Eyres, 206 S. W., 963; Thallman v. Buckholtz State Bank, 181 S. W., 791; Marshall v. Spiller, 184 S. W., 285; Godfrey v. Lackey, 129 S. W., 1145; Smith v. Morgan, 28 Texas Civ. App., 245, 67 S. W., 919; Aultman-Miller & Co. v. Higbee, 32 Texas Civ. App., 502, 74 S. W., 955; Cotulla State Bank v. Herron, 218 S. W., 1091; Price & Beard v. Eastland Land & Abstract Co., 211 S. W., 478; Lincoln v. Anderson, 51 S. W., 278; Wheeler v. Powell, 114 S. W., 689.

*Woods, King & John*, for defendants in error.

Where the injunction applied for is merely ancillary to the main purpose of the suit, the suit can not be regarded as a suit of injunction within the purview of Article 4653. This suit having been brought primarily for the purpose of removing cloud from the title to appellee's real estate, and the injunction being merely ancillary to the main purpose of the suit, the venue of the suit is governed by Subdivision 14 of Article 1830, permitting the suit to be brought and maintained in the county in which the land is situated, and not by Article 4653, requiring that writs of injunction granted to stay proceedings in a suit, or execution on

a judgment shall be made returnable to and tried in the court where such judgment was rendered. Rev. Stat., 1830, Sub. 14; Evans v. Hudson, 216 S. W., 491; I. & G. N. Ry. Co. v. Anderson County, 150 S. W., 248; Neill v. Johnson, 234 S. W., 147.

Appellants, defendants in the court below, having filed a cross petition against appellee, plaintiff in the court below, wherein they sought to establish an equitable lien upon appellee's separate estate to secure an indebtedness alleged to be due by appellee's husband, and sought a foreclosure of such lien, and having thus invoked the jurisdiction of the court below, waived any right they had to attack the jurisdiction of the court below to try and adjudicate the cause of action alleged by appellee. Barnard & Moran v. Williams, 166 S. W., 910.

Most of the authorities relied on by plaintiffs in error were decisions rendered prior to the Act of 1909 amending Article 4643, Revised Statutes. That Article authorizes an injunction against an execution against a person having no interest in the *real estate*. The Legislature was giving the owner of the land who was not a defendant in judgment, a remedy against the clouding of his title. The fact that an execution is issued pursuant to an order of sale in the judgment does not make it any less an execution. Article 3729, Revised Statutes.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was an action by defendant in error Ada T. Whittle, joined by her husband, J. W. Whittle, against plaintiffs in error, S. L. Gohlman and J. E. Lester, doing business as partners under the name of Gohlman, Lester & Company, and against the clerk of the District Court of the Eleventh Judicial District of Texas, to restrain the sale of six tracts of land in Hardeman County, belonging to the separate estate of Ada T. Whittle, under a decree of foreclosure of an attachment lien in favor of plaintiffs in error, against J. W. Whittle alone, and to remove the cloud cast and to be cast on Ada T. Whittle's title by the attachment proceedings and sale thereunder.

The petition alleged ownership of the tracts by Mrs. Whittle, in her own separate right for years prior to the levy of the attachment and since; the issuance of an attachment by the District Court of Harris County, in the Eleventh Judicial District, in a suit wherein S. L. Gohlman and J. E. Lester were plaintiffs and J. W. Whittle was defendant and the levy on December 21, 1920, of the attachment on said tracts as the property of J. W. Whittle; and rendition of judgment in said cause foreclosing the

attachment lien, under which an order of sale will be issued and the tracts sold, unless restrained.

The judge of the District Court of Hardeman County, in the Forty-sixth Judicial District of Texas, ordered the clerk of that court to issue the injunction prayed for, returnable to the District Court of Hardeman County.

By exception, plaintiffs in error attacked the jurisdiction of the District Court of Hardeman County, on the ground that under the averments of Mrs. Whittle's petition the injunction was returnable to and triable by the District Court of Harris County in the Eleventh Judicial District. Plaintiffs in error also sought by special plea to have Mrs. Whittle's suit either abated or transferred to the District Court of Harris County, in the Eleventh Judicial District, on the ground that Mrs. Whittle was a party to the suit pending in that court, and that all issues herein tendered must be tried and determined in that suit and court.

Without waiving their exceptions and pleas, but only in the event they were overruled, plaintiffs in error filed an answer and cross-action to establish an equitable lien in their behalf for the sum of $5,317.26 on the tracts of land described in Mrs. Whittle's petition.

The District Court of Hardeman County overruled plaintiffs in error's exception and special pleas, and made findings of fact which sustain the allegations of defendants in error's petition.

The uncontradicted evidence showed that Mrs. Whittle, as well as J. W. Whittle, was a party defendant to the suit brought by plaintiffs in error, Gohlman, Lester & Company, in the District Court of Harris County in the Eleventh Judicial District, she having obtained judgment that plaintiffs in error take nothing on their alleged causes of action seeking a personal judgment against her. The judgment of the Harris County District Court recited:

"The plaintiffs in open court announced that they would abandon in this action and by erasure seek to eliminate from their pleadings any cause of action asserted against the defendant, Ada T. Whittle, involving the title to the lands attached. in Hardeman County, Texas, and in so far as their pleadings raise such issues as to such title, or as to the cancellation of any deeds to her from her co-defendant, J. W. Whittle, would dismiss any such cause of action without prejudice. Thereupon the defendant, Mrs. Ada T. Whittle, through her attorneys, likewise announced in open court that they would abandon any of their pleadings and seek by erasure and cancellation, as far as possible,

by mutual consent, to eliminate any of her pleadings responsive to any such issues tendered by the plaintiffs herein:

"It is therefore ordered, adjudged and decreed by the court that any cause of action asserted herein by the plaintiffs against the defendant, Ada T. Whittle, looking to a trial of the question of title or ownership of the lands in Hardeman County, Texas, as between herself and her husband and co-defendant, J. W. Whittle, and any assertions or allegations in defendant, Ada T. Whittle's pleadings, tendering any such issue or asking any relief based thereon be and the same are hereby in all things dismissed out of this case, without prejudice to the rights of either of the parties in connection therewith."

The District Court of Hardeman County rendered judgment making the temporary injunction permanent, whereby plaintiffs in error were restrained from causing the tracts of land to be sold under the decree of foreclosure rendered by the District Court of Harris County. The District Court of Hardeman County further cancelled the attachment proceedings and removed the cloud cast thereby on Mrs. Whittle's title. The Court of Civil Appeals at Amarillo affirmed the judgment of the District Court of Hardeman County.

The cross-action having been urged only in the event the District Court of Hardeman County overruled plaintiffs in error's exception and pleas to its jurisdiction there was no waiver to preclude complaint of the ruling refusing to sustain the exception and pleas. Hickman v. Swain, 106 Texas, 431, 167 S. W., 209.

The exception and pleas invoke Subdivision 17, of Article 1830, and Article 4653 of the Revised Statutes of 1911.

Subdivision 17 of Article 1830 provides the following exception to the prohibition against an inhabitant of this state being sued out of the county of his domicile, viz:

"When the suit is brought to enjoin the execution of a judgment or to stay proceedings in any suit, in which case the suit shall be brought in the county in which such judgment was rendered or in which such suit is pending."

Article 4653 provides:

"Writs of injunction granted to stay proceedings in a suit or execution on a judgment, shall be returnable to and tried in the court where such suit is pending or such judgment was rendered."

The whole purpose and the necessary result of the successful prosecution of this suit by defendants in error—whether they were granted relief by injunction or cancellation of the attachment lien and foreclosure—was to stay proceedings ordered by

the District Court of Harris County and to enjoin the execution of that court's judgment. The Harris County District Court had adjudged in a suit wherein it had jurisdiction over both subject-matter and parties, that the title of J. W. Whittle in and to certain tracts of land be sold in satisfaction of a debt to plaintiffs in error. The instant suit asserts that Mrs. Whittle has the right to vacate that decree of sale to which she was a party, and to restrain its execution. Eliminate Mrs. Whittle's attack on the precise thing ordered done by the Harris County District Court and nothing remains of her suit. It thus appears that Mrs. Whittle invokes the power of another court of co-ordinate jurisdiction to correct and reform the judgment of the District Court of Harris County. It was to avoid and prevent conflicts between courts of equal authority that Subdivision 17 of Article 1830 and Article 4653 were enacted. As well stated by the Galveston Court of Civil Appeals through Justice Pleasants:

"It is necessary for the due and orderly administration of justice that the rule of comity which forbids one court from interfering with the execution of the judgments of another should be strictly enforced. Any other rule would lead to unseemly and disorderly conflict between the courts, and be productive of interminable confusion, and of results disastrous to the administration of justice." Adoue v. Wettermark, 22 Texas Civ. App., 545, 55 S. W., 514.

The Court announced in Seligson v. Collins, 64 Texas, 314 to 316, that while an action might be brought to stop an execution sale of property without necessarily involving interference with the enforcement of the judgment on which the execution issued, and hence such a suit might be without the terms of what is now Article 4653, yet a suit seeking to prevent the sale of specific property decreed to be sold to satisfy a judgment and attacking the decree of sale was such a suit as was imperatively placed beyond the jurisdiction of a co-ordinate court. The distinction was drawn in Perrin v. Stevens, 29 S. W., 927, where the court said:

"This injunction did not restrain the sale of property under execution simply, but it restrained the sale of property which the judgment ordered sold, and to that extent enjoined the judgment."

In Matthews v. Eyres, 206 S. W., 963, 964, the Austin Court of Civil Appeals, in an opinion of Chief Justice Key, rightly construed Article 4653 in declaring:

"It may be true, as construed by counsel for appellee, that the property in question was the separate property of Mrs. Beasley, who did not sign the mortgage; and that before the foreclosure

suit was brought in Houston County appellee purchased it from Mrs. Beasley, and acquired full title thereto; and, if such be the case, he is entitled to protection whenever he invokes the jurisdiction of the proper court to grant such protection. But the fact remains that the relief sought and obtained in the court below, not only stayed and suspended the process issued by the County Court of Houston County, but the effect of the judgment is to nullify that portion of the judgment rendered by that court which established and foreclosed a lien upon the property. Such being the result, the case comes clearly within the purview of the statute quoted; and therefore the preliminary injunction should have been returned to that court; and, as the statute quoted is mandatory, the County Court of Travis County had no jurisdiction to litigate the rights of the parties. Nor is it material that appellee was not a party to the litigation which resulted in the judgment of the County Court of Houston County. The statute quoted is not limited to injunctions granted at the instance of a party to the judgment, and applies to every one who seeks by injunction to stay proceedings in a suit, or the execution of a judgment."

The cases, such as Van Ratcliff v. Call, 72 Texas, 493, 10 S. W., 578, and Leachman v. Capps, 89 Texas, 691, 36 S. W. 250, which recognize the right of a stranger to a judgment to restrain under certain circumstances the sale under execution on the judgment of property not subject to the execution, have no application to this controversy.

The opinion in Van Ratcliff v. Call, 72 Texas, 493, 10 S. W., 578, clearly differentiates that case and others following it from this case when it says:

"There can be no doubt that where the execution of the judgment generally is sought to be prevented, or where the writ is granted to stay, that is to stop, the execution of a judgment, the statute is imperative and is susceptible of but one construction— that is that the writ shall be returned or the suit brought in that county where the judgment was rendered.

"But the law requiring a suit to 'enjoin the execution of a judgment to be brought in the county of its rendition' evidently applies to suits attacking the judgment, questioning its validity, or presenting defenses properly connected with the suit in which it was rendered and which should have been adjudicated therein. It has no application to parties who do not sue to stay or enjoin the execution primarily of the judgment as contemplated by the statute, but who sue to prevent the sale of property alleged to

belong to them under a judgment, however valid and regular it may be, to which they are not parties and for the satisfaction of which their property could in no event be subject."

This is a stronger case for the operation of the statutes than either of the cases cited wherein they were enforced. If Mrs. Whittle's allegations of ownership of the six tracts of land are true, as found by the District Court, she had an opportunity to obtain all the relief to which she might show herself entitled in the Harris County District Court. She elected to consent for that court to proceed with its adjudication, as between J. W. Whittle and plaintiffs in error, and, she neither appealed from that adjudication nor did she cross-assign error on the appeal which was prosecuted by plaintiffs in error. Any reserved right of Mrs. Whittle to attack the decree of foreclosure against J. W. Whittle was subject to the mandatory terms of the statutes forbidding resort to any other district court than that of Harris County in the Eleventh Judicial District.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that this case be remanded to the District Court of Harris County in the Eleventh Judicial District of Texas.

*Reversed and remanded.*