## HAMNER et al. v. HEADRICK et ux.

### No. 1263.

Court of Civil Appeals of Texas. Eastland.

Sept. 15, 1933.

Ed J. Hamner, P. Edward Ponder, and Geo. W. Outlaw, all of Sweetwater, for appellants.

Harry R. Bondies, of Sweetwater, for appellees.

## PER CURIAM.

The appeal of this case is from an order of the district court of Nolan county granting a temporary injunction. The injunction was issued with reference to a foreclosure by sale of land under power in a deed of trust. The petition for injunction sought to restrain said Ed J. Hamner and P. Edward Ponder, the latter being trustee in the deed of trust, from making sale of the mortgaged property as provided in the deed of trust, the right to such relief being claimed under section 3, article 2218b, of the Revised Statutes of Texas (Vernon's Ann. Civ. St.), as enacted in the Regular Session 43d Legislature 1933 (chapter 102), being the so-called Moratorium Act. Sale of the property had been duly advertised for August 1, 1933. The prayer in the petition for injunction was "that a temporary writ of injunction issue herein restraining said defendants from making said sale on August 1, 1933, or on any other day thereafter for a period of forty days; that said defendants be cited to appear and answer herein and that upon hearing hereof said injunction be extended for the full period of 180 days and that they have such other and further relief herein as they may be entitled to at law or in equity with costs." The temporary injunction was issued without hearing, the fiat of the judge reading as follows: "The foregoing petition for injunction being considered, it is ordered that the Clerk of the District Court of Nolan County, Texas, issue a writ of injunction in all things as prayed for." The petition for injunction was filed July 29, 1933, and the injunction bond filed the same day. The case, after having been advanced in this court, was set for submission and heard September 8, 1933. The temporary injunction by its own terms, at least as authorized under the fiat of the district judge, terminated at the expiration of the 40 days. It is therefore apparent that, at the submission of this case, the issues involved in the appeal had become moot.

From the oral argument it seems to be the view of the appellants that the case is not moot because the order purported by its terms to authorize further extensions of the injunction up to a possible 180 days. We do not think the prayer of appellees' petition and the fiat of the judge ordering the temporary injunction are properly susceptible to that construction. The prayer in the petition to the effect that upon hearing the injunction be extended for the full period of 180 days corresponds to the usual prayer that upon hearing a temporary injunction be made permanent. The limitation to 180 days but con-

forms to the limitation upon the authority to grant injunctions attempted to be conferred by the act. The court's authority to grant the temporary injunction, if it had such authority, was limited by the prayer to 40 days. Additional relief, if any, according to the prayer itself, was to follow a hearing.

We do not wish to imply an approval of the granting of a temporary injunction for 40 days or any stated number of days or time other than such time that the case should be heard on its merits.

Having reached the conclusion that the appeal is moot and should be dismissed at the cost of appellees, it is accordingly so ordered.

LESLIE, J., not sitting.