## GLENN v. GREEN et al.

No. 8056.

Court of Civil Appeals of Texas. Austin.

Nov. 22, 1933.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellant.

McCLENDON, Chief Justice.

Appeal from an order of the district judge of Tom Green county granting an injunction staying for a period of 180 days a sale of real estate situated in Tom Green county under an order of sale issued upon a judgment of the district court of Bell county foreclosing a mortgage lien upon said property.

The proceeding was brought under section 3 of chapter 102, p. 225, Gen. Laws 43d Leg. (1933) Vernon's Ann. Civ. St. art. 2218b, § 3, commonly called the moratorium act, which reads: "The Judge or Court having jurisdiction of the subject matter, is hereby authorized to grant temporary injunctions at the instance of the debtor to prevent a sale of real property under execution, orders of sale of real property or under deeds of trust conveying lands as security for debt upon the same terms and conditions as is authorized by Section 1 of this Act and during the life of this Act."

Upon filing of the application the judge granted a temporary injunction "until final disposition hereof upon the merits." Defendant (judgment plaintiff in the Bell county suit, and appellant here) filed a motion to dissolve, which was overruled, and the order appealed from entered.

We are clear in the view that the relief sought and obtained was not within the jurisdiction of the trial judge.

R. C. S. art. 4656, requiring that writs of injunction "to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered," has been uniformly held applicable to proceedings brought by a party to the judgment to enjoin the execution of an order of sale decreed by such judgment. Gohlman, Lester & Co. v. Whittle, 115 Tex. 9, 273 S. W. 806; Carey v. Looney, 113 Tex. 93, 251 S. W. 1040. For a full discussion of the subject and citation and digest of the authorities, see 11 Tex. Jur. pp. 789–793.

A judge other than of the court in which the judgment was rendered, may in specified exceptional cases grant a temporary injunction, returnable to the court in which the judgment was rendered. R. C. S. art. 4643. This statute, however, was not invoked. No showing was made bringing the case within any of the specified exceptions, and no temporary writ, returnable to the district court of Bell county, was sought or obtained.

It might be noted that although the quoted section designates the relief authorized as a temporary injunction, it partakes of the nature of a final adjudication in so far as it may be classed as an injunction, in that its purpose is not simply to preserve the status quo pending adjudication upon the merits, but is operative for a definite period prescribed by the act. In effect, it partakes more of the nature of a stay of execution than an injunction. The name by which the Legislature has seen fit to designate it is, however, we think, unimportant. The objects of the statute, the relief it awards, and the circumstances, terms, and conditions under which it may be granted, are all clearly prescribed in the act.

The authority granted in section 3 is expressly to "the Judge or Court having jurisdiction of the subject matter," which, in case of an order of sale, could, under the statutes and decisions above noted, have no other meaning than the court in which the foreclosure judgment was rendered.

This holding renders it unnecessary for us to consider or express any opinion upon other questions which the appeal raises, including that of the constitutionality of the act.

The order appealed from is set aside, and the proceeding is dismissed, without prejudice.

Order set aside; proceeding dismissed.