### SPRATLING et al. v. SMITH et ux.
### No. 13015.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 20, 1934.

Claude Spratling, of Fort Worth, for appellants.

Greines & Greines, of Fort Worth, for appellees.

POWER, Justice.

Simon Smith and wife, Ellawee Smith, petitioned the district court of Tarrant county, complaining of J. V. Spratling and Claude Spratling, praying for a writ of injunction enjoining and restraining said defendants, and each of them, from selling, attempting to sell, or offering for sale, certain real estate. A temporary injunction was granted and the defendants enjoined from said sale. The defendants J. V. Spratling and Claude Spratling filed a motion to dissolve said writ of injunction.

This is an appeal from an order refusing to dissolve the injunction, same having been granted under and by virtue of chapter 102 of the Acts of the 43d Legislature (1933), Regular Session (Vernon's Ann. Civ. St. art. 2218b), enjoining and restraining the appellants from selling, and attempting to sell, certain real estate under a certain deed of trust for 180 days from and after June 29, 1933. The time for which the injunction was granted was 180 days from June 29, 1933, and expired on December 25, 1933.

The time for which the injunction was granted, that is, 180 days from June 29, 1933, has expired, and the controversy, whether meritorious or not, has ceased to exist. It will avail nothing to adjudge or extend the contentions of the litigants. The question is now moot, and the courts will not proceed with a moot question. McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720; Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; Wichita Falls Electric Co. v. Huey (Tex. Civ. App.) 246 S. W. 692, 694; Cisco Independent School District v. Dudley (Tex. Civ. App.) 53 S.W. (2d) 639, 641; Dallas Joint Stock Land Bank v. Dallas County Levee Improvement District (Tex. Civ. App.) 263 S. W. 1103.

Where, pending an appeal, events have transpired which would render the decision moot, the appeal will not be considered, but the case itself will be dismissed. Dallas Joint Stock Land Bank v. Dallas County Levee Improvement District (Tex. Civ. App.) 263 S. W. 1103; Wichita Falls Electric Co. v. Huey (Tex. Civ. App.) 246 S. W. 692, 694; Cisco

Independent School District v. Dudley (Tex. Civ. App.) 53 S.W.(2d) 639, 641.

It is the opinion of this court that the case should be dismissed, and it is so ordered. The costs of appeal are adjudged against appellant.