**DALLAS JOINT STOCK LAND BANK et al. v. RAY et ux.**

No. 9509.

Court of Civil Appeals of Texas. San Antonio.

May 2, 1934.

Rehearing Denied May 23, 1934.

Renfro & McCombs, of Dallas, and W. K. Hopkins, of Gonzales, for appellants.

L. J. Freeman, of Beeville, for appellee.

MURRAY, Justice.

This is an appeal from a temporary injunction issued by the judge of the district court of Goliad county, Tex., Twenty-fourth judicial district, after a hearing had, restraining C. M. Harbison, as sheriff of Goliad county and the Dallas Joint Stock Land Bank, as plaintiffs in a cause styled Dallas Joint Stock Land Bank of Dallas v. J. W. Ray, Ollie Ouida Ray, Texas Company, and C. M. Frost, and being cause No. 5499—B on the docket of the district court, Dallas county, Forty-fourth judicial district, from executing a certain order of sale issued by the clerk of the district court of Dallas county in the above-styled and numbered cause ordering the sheriff of Goliad county to sell 1,091.2 acres of land located in Goliad county, and fully described in the order of sale.

Appellees, J. W. Ray and wife, presented their petition for this injunction to the judge of the district court of Goliad county, on the 5th day of March, 1934, and a temporary restraining order was granted by the following fiat which was indorsed on the petition:

"No. 4239

"J. W. Ray et al. v. C. M. Harbison et al.

"In the District Court of Goliad County, Texas.

"On this the 5th day of March, A. D. 1934, the foregoing petition was presented to the court, and the court being of the opinion that the plaintiffs should have the relief prayed for in their petition, it is therefore ordered, adjudged and decreed by the court that the defendants C. M. Harbison and Dallas Joint Stock Land Bank of Dallas be and are hereby restrained from selling or causing the land described in the foregoing petition to be sold under the order of sale issued by the 44th Judicial District Court of Dallas County, Texas, in Cause No. 5499-B styled The Dallas Joint Stock Land Bank of Dallas v. J. W. Ray, et al., and the clerk of this Court is hereby directed upon the filing of the foregoing petition to issue a restraining order restraining the defendants, and each of them, from selling or proceeding to sell the lands described in the foregoing petition under said order of sale, and further citing said defendants to appear on the 10th day of March, 1934, at 10 o'clock A. M. in the Courthouse of the District Court of Jackson County, Texas, at Edna, Texas, to show cause, if any, why a temporary injunction should not issue as prayed for in said petition.

"J. P. Pool, District Judge,

"Goliad County, Texas."

Upon the date set for the hearing, the judge of the district court of Goliad county heard the cause upon its merits and granted a stay of execution for sixty days under the provisions of S. B. No. 3 (c. 16), passed by the Last Called Session of the 43d Legislature of this state (Vernon's Ann. Civ. St. art. 3804 note).

■ We are thus confronted with the proposition of whether or not the district judge of Goliad county (Twenty-fourth judicial district) had jurisdiction to set this cause down for a hearing and upon a hearing enjoin the

execution of an order of sale issued out of the district court of Dallas county (Forty-fourth judicial district), or would he be required, under the provisions of article 4656, R. S. 1925, to make such writ returnable to the Dallas court for a hearing?

Article 4656 provides in part as follows:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered."

It is clear that a hearing on this petition should not have been had before the judge of the Twenty-fourth judicial district, but the temporary injunction should have been made returnable to the Dallas court and any hearing or trial there had.

In 24 Tex. Jur., p. 163, § 119, we find the following:

"That portion of the article (4656) relating to injunctions to stay proceedings in a suit or execution upon a judgment has been said to be 'imperative'. It is more than a mere venue statute; it has to do with jurisdiction. * * * Rather it is a law of comity for the protection of the dignity of our courts. The provision applies to all cases within its terms in which the injunction parties are the judgment parties, and in which the judgment is not void on its face."

In Gohlman, Lester & Co. v. Whittle, 115 Tex. 9, 273 S. W. 806, 807, Justice Greenwood, in delivering the opinion of the Supreme Court, quoted with approval the following, found in Adoue v. Wettermark, 22 Tex. Civ. App. 545, 55 S. W. 511, 514:

"It is necessary for the due and orderly administration of justice that the rule of comity which forbids one court from interfering with the execution of the judgments of another should be strictly enforced. Any other rule would lead to unseemly and disorderly conflict between the courts, and be productive of interminable confusion, and of results disastrous to the administration of justice."

The order of the judge below granting a stay of execution will be reversed and this suit will be remanded for further proceedings in consonance with this opinion.

### On Motion for Rehearing.

Appellees have filed a motion for a rehearing in which they contend that Senate Bill No. 3 (c. 16), § 3, Acts 1934, 43d Leg., Second Called Sess. (Vernon's Ann. Civ. St. art. 3804 note), by its expressed terms in effect gave to the district judge of Goliad county jurisdiction to stay the execution of the order of sale issued out of the district court of Dallas county, and that during the effectiveness of said S. B. No. 3 (c. 16), article 4656, R. S. 1925, is suspended.

■ It is not clear to us that the Legislature intended by the provisions of section 3, of S. B. No. 3, to give to one district judge the power and jurisdiction to stay the execution of an order of sale issued out of another district court. The Legislature may have intended by this article that where there is a threatened foreclosure of a deed of trust lien, the judge of the district court of the county in which the land, or a part thereof, is located would have jurisdiction to hear an application for an injunction, and where a sale of real property under execution or order of sale is threatened, the judge of the district court out of which the execution or order of sale was issued would have such jurisdiction, but if by this section the Legislature intended that one district judge should have the power to stay for a period of time the execution or order of sale issued out of another district court, then such section is unconstitutional and void as being against public policy.

The calamity which results when two district courts attempt to handle the same subject-matter and parties at the same time is illustrated by the case of Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1069. It is said in that case:

"Jurisdiction is power to hear and determine the matter in controversy according to established rules of law, and to carry the sentence or judgment of the court into execution. * * *

"The Johnson county court, having first acquired jurisdiction, may exercise it to dispose of the whole subject-matter of the litigation and adjust all the equities between the parties, and is entitled to do so. * * *

"The reason of the abatement of the subsequent suit by the first, where the latter is filed in a court of competent jurisdiction, and that jurisdiction has attached, is that, when the suit is brought it is thereby segregated as it were from the general class to which it belonged, and withdrawn from the authority and jurisdiction of all other courts of co-ordinate power."

In the same opinion we also find a quotation from Freeman on Judgments, which reads as follows:

"It seems impossible that two courts can, at the same time, possess the power to make

a final determination of the same controversy between the same parties. If either has authority to act, its action must necessarily be exclusive, and therefore it is our judgment that whenever either the state or the national courts acquire jurisdiction of an action and the parties thereto, this jurisdiction cannot be destroyed, diminished, or suspended by one of the parties bringing an action in another court, and that any judgment or order of the latter court is void so far as it conflicts with any judgment or order of the court first acquiring jurisdiction."

See, also, Dickerson v. Hopkins (Tex. Civ. App.) 288 S. W. 1103; Glenn v. Green (Tex. Civ. App.) 65 S.W.(2d) 386.

In this case we have an order of sale issued out of the district court of Dallas county, ordering the sheriff of Goliad county to sell certain real estate. We have an order of the district judge of Goliad county ordering him not to sell the same. If he obeys one order, he must disobey the other. The rule that gives to the first court taking jurisdiction of a cause of action the exclusive jurisdiction, is not only based upon the comity of courts, but is also based upon absolute necessity.

■ The order granting the stay of execution appealed from herein expired by its own terms on May 10, 1934, and the questions involved in this suit have become moot. Hamner v. Headrick (Tex. Civ. App.) 66 S. W.(2d) 1106. Accordingly, appellees' motion for rehearing will be overruled and this cause dismissed at cost of appellees.