DALLAS JOINT STOCK LAND BANK OF DALLAS et al. v. DICKSON et al.

No. 1374.

Court of Civil Appeals of Texas. Eastland.

June 22, 1934.

Renfro & McCombs, of Dallas, for appellants.

Davidson, Doss & McMahon, of Abilene, for appellees.

FUNDERBURK, Justice.

The Dallas Joint Stock Land Bank of Dallas, on January 10, 1934, recovered a judgment in the district court (Fourteenth judicial district) of Dallas county against S. P. Dickson and S. H. Thornhill, for $8,670.92, interest, etc., with foreclosure of a deed of trust lien upon 1,232 acres of land in Taylor county. After the judgment became final, an order of sale was duly issued directing the sheriff of Taylor county to sell said land. The order of sale was executed to the extent that the sheriff gave notice that the land would be sold the first Tuesday in April as provided by law. S. P. Dickson then filed a petition in the district court (104th judicial district) of Taylor county, wherein he asked the court to issue immediately a temporary restraining order against said bank and Burl Wheeler, sheriff of Taylor county, restraining them from proceeding to execute said order of sale. He also sought, upon hearing, to restrain the sale of said property to some date to be fixed by the court, not later than February 1, 1935. The suit was brought under the purported authority of Senate Bill No. 3 (chapter 16), passed by the Second Called Session of the Forty-Third Legislature, known as the Moratorium Statute (Vernon's Ann. Civ. St. art. 3804 note). It was admitted the judgment was valid, and the only right to a stay of execution, if any, of the order of sale, was based on said statute. The court issued a temporary restraining order, as prayed for, which had the effect of stopping the sale as advertised for. April 3, 1934. In accordance with previous setting and notice, the case was heard on April 3, 1934. Said bank interposed three defenses, viz. (1) that the restraining order should be amended so as to be made returnable to the said district court of Dallas county, as provided by R. S. 1925, art. 4656; (2) that said Moratorium Law was unconstitutional in that it violates section 16, art. 1, of the Constitution of Texas, which prohibits the Legislature from making any law impairing the obligations of contracts; and (3) that, even if said act be constitutional, it does not apply to the Dallas Joint Stock Land Bank for the reason it is an agency of the United States government, which is exempted from the provisions of said act.

At the conclusion of the trial the court entered its judgment granting an injunction prohibiting execution of the order of sale until December 1, 1934. The bank has appealed.

We have concluded that proper disposition of the appeal can be made without passing upon the questions raised as to the constitutionality of different parts of said moratorium statute. A majority of the court are of the opinion that under such circumstances it would be improper to determine such constitutional questions. We are of the opinion that said statute wherein it provides that same shall not apply to debts due the federal government "or any agency thereof" thereby exempts the appellant from the provisions of the act. For the constitutional questions presented, and for the reasons supporting our conclusion as to the exemption of appellant from said act, see the opinion in Dallas Joint Stock Land Bank of Dallas v. T. E. Ballard, 74 S.W.(2d) 297, this day decided, which is in all things applicable to this case.

Being of the opinion that the judgment of the court below should be reversed and the cause dismissed, it is accordingly so ordered.