DALLAS JOINT STOCK LAND BANK OF DALLAS v. BALLARD et al. *

No. 1390.

Court of Civil Appeals of Texas. Eastland.

June 22, 1934.

Rehearing Denied July 13, 1934.

*Judgment affirmed — S.W.(2d) —.

298

Renfro & McCombs, of Dallas, for appellant.

F. T. Baldwin, of Houston, for appellee.

FUNDERBURK, Justice.

The Dallas Joint Stock Land Bank, on October 27, 1933, recovered judgment in the district court (101st judicial district) of Dallas county, against T. E. Ballard and others, for $40,940.08, with foreclosure of deed of trust liens upon lands in Haskell county. After the judgment became final, an order of sale was issued, as directed in the judgment, and was executed by the sheriff to the extent of giving notice, as provided by law, of the proposed sale of the land on March 6, 1934.

The instant suit was filed in the district court of Haskell county by the defendants in said judgment to enjoin the sale under authority of chapter 16, p. 42, General and Special Laws, 43d Legislature, Second Called Session (Vernon's Ann. Civ. St. art. 3804 note). The act is also referred to as Senate Bill No. 3. There was a prayer for a temporary restraining order, which was granted, and had the effect of preventing the sale as advertised. At a hearing of the case, held on March 10, 1934, for the purpose of determining whether the injunction sought should be granted, the court entered its order granting same, with the effect of prohibiting execution of the order of sale until December 1, 1934. The defendant the Dallas Joint Stock Land Bank has appealed.

■ Submission of the case in this court was advanced upon the supposition that the appeal was from an interlocutory order granting a temporary injunction. R. S. 1925, art. 4662. The appeal is in fact from a final judgment. The injunction is not temporary in the ordinary sense that it operates only until final judgment on the merits of the case. See Hamner v. Headrick (Tex. Civ. App.) 66 S.W.(2d) 1106.

Appellant made three contentions in the trial court, which, being overruled, are renewed in this court as grounds for reversal of the judgment. It is insisted, first, that R. S. 1925, art. 4656, required that the writ of injunction, being one to stay proceedings in the district court of Dallas county, should have been made returnable to, and tried in, that court; second, that said act of the Legislature (which may also be referred to as the moratorium statute of 1934, or Senate Bill No. 3 [Vernon's Ann. Civ. St. art. 3804 note]) is void, because it impairs the obligations of contracts within the prohibition of the Constitution, art. 1, § 16; third, that, even if said statute be valid, the appellant, being an agency of the federal government, is exempt from its provisions.

■ In so far as the first question may involve a mere construction of said moratorium statute of 1934, apart from any question of the constitutionality of said act, we are of the opinion that the trial court was by the terms of the act given jurisdiction to hear and determine the case. The statute provides: " * * * When a sale of real property under execution or order of sale is threatened the Judge of the District Court of *the county in which the land or a part thereof is situated*, or the Judge of the Court from which the execution or order of sale is issued, upon presentation of a verified petition embracing" certain allegations "may in his discretion issue an order temporarily restraining the sale under the * * * order of sale or execution. In such cases *the Judge* shall set for a hearing on the petition within ten (10) days from the date of the restraining order and shall cause notice to be given to the parties against whom complaint is made in the manner now provided by law, *and upon such hearing*, if the allegations in the petition are found to be true, *the Judge* may, in his discretion, grant a temporary injunction restraining the sale for a reasonable time, *not beyond Feb. 1, 1935.*" Section 3. (Italics ours.) It is clear that the last sentence quoted, although it denominates the injunction as "temporary," deals with an injunction to be granted or refused upon hearing, and the powers thus granted constitute the full extent of the powers granted to any court or judge under the provisions of the act. If the statute be valid, it necessarily supersedes R. S. 1925, art. 4656, providing that: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in

the court where such suit is pending, or such judgment was rendered," etc. If the constitutional power of the Legislature be granted to enact a law giving one court or judge jurisdiction to stay proceedings in another court of co-ordinate jurisdiction, then we think it must be held that the Legislature has by this act clearly done so. The San Antonio Court of Civil Appeals in the Dallas Joint Stock Land Bank v. Ray, 71 S.W.(2d) 589, has not, we think, definitely committed itself to the view that there is no conflict between these statutes. It was merely held on rehearing, in effect, that, if the statute was not susceptible to a construction, not in conflict with said article 4656, it was unconstitutional and void.

A majority of the court are of the opinion that, in view of our conclusion upon the third question, that the appellant the Dallas Joint Stock Land Bank was in no event subject to the provisions of the law in question, it is improper for us to pass upon the constitutional questions presented. Appellant raises two constitutional questions: (1) Whether said provisions are constitutional which attempt to give the district judge or court of the county in which the land may lie jurisdiction to hear and grant an injunction staying proceedings in a suit pending in another court, or execution issued out of another court. (2) Whether said act is unconstitutional as impairing the obligations of contracts. The majority view is that, when we have determined that appellant was exempt from the operation of the act, its status is to be regarded the same as one having no interest in the constitutional questions. 12 C. J. p. 760, § 177; 9 Tex. Jur. p. 467, § 50.

Said moratorium statute of 1934 (section 3) provides that: "The provisions of this Act shall not apply to loans due the Federal Government, or any agency thereof." It is contended that appellant is an agency of the federal government within the purview of such exemption provision. A joint-stock land bank is undoubtedly, for some purposes, an agency of the federal government. 12 USCA § 701; Smith v. Kansas City Title & Trust Co., 255 U. S. 180, 41 S. Ct. 243, 65 L. Ed. 577. We are inclined to doubt, however, whether the agency existing by such authority alone would bring it within the exemption. Whether so or not, we are none the less of the opinion that the Legislature intended to exempt such banks. The land mortgages with which the act deals have been declared by Congress to be "instrumentalities" of the federal government. The provision of 12 U. S. Code, § 931 (12 USCA § 931), is: "First mortgages executed to Federal land banks, or to joint stock land banks, and farm loan bonds issued under the provisions of this chapter, shall be deemed and held to be instrumentalities of the Government of the United States, and as such they and the income derived therefrom shall be exempt from Federal, State, municipal, and local taxation." It is not from state tax laws alone that instrumentalities of the United States government are exempt. They are exempt from state control in other respects as well. Johnson v. Maryland, 254 U. S. 51, 41 S: Ct. 16, 65 L. Ed. 126; Gillespie v. Oklahoma, 257 U. S. 505, 42 S. Ct. 171, 66 L. Ed. 340; McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579. If such mortgages are in fact, as they are declared to be, instrumentalities of the government of the United States, it may well be doubted if the Legislature had the power to subject them to the provisions of the act in question. At any rate, a good reason is thus apparent for exempting them. We must assume that the exemption was intended to have some application. We can think of nothing which could be considered to be an agency of the federal government within the terms of the exemption if not the federal land banks and joint-stock land banks.

Provisions of the federal statutes, other than those already mentioned, leave no doubt in our minds that the exemptions in said Moratorium Act apply to joint-stock land banks. It is provided that such mortgages are to constitute part of the collateral upon which the issuance of farm loan bonds is based. 12 USCA § 841. Such mortgages are deposited with the farm loan registrar, as trustee. Id. § 853. That their value as security may be unimpaired by state laws such as the one in question, it is provided that the farm loan commissioner shall examine state laws and inform the Federal Farm Loan Board "as rapidly as may be whether in his judgment the laws of each State relating to the conveying and recording of land titles, and *the foreclosure of mortgages* (italics ours) or other instruments, * * * are such as to assure the holder thereof adequate safeguards against loss in the event of default on loans secured by any such mortgages." Id. § 971. Further provision is made for declaring such mortgages from any state ineligible during the time unfavorable state laws remain in force. Id. § 972. These and other provisions leave no escape from the conclusion we have reached upon this point.

Being of the opinion that the appellant was not subject to the provisions of said Moratorium Act, and that therefore the judgment of the court below should be reversed and the cause dismissed, it is accordingly so ordered.