## DALLAS JOINT STOCK LAND BANK OF DALLAS v. STREET et al.

### No. 9649.

Court of Civil Appeals of Texas. San Antonio.

Oct. 31, 1934.

Rehearing Denied Dec. 12, 1934.

Renfro & McCombs and Robert B. Burgess, all of Dallas, for appellant.

W. C. Douglas and E. S. J. Whitehead, both of San Antonio, for appellees.

SMITH, Justice.

On March 3, 1934, the Dallas Joint Stock Land Bank of Dallas brought suit in the 116th district court of Dallas county against Lillian R. Street and husband, H. P. Street, to foreclose a lien upon real estate belonging to the Streets, and situated in Maverick county.

Original citations were issued for both defendants on March 7th, requiring them to appear and answer on April 9th, under the statute regulating practice and procedure in said district court. Article 2092, subd. 3, R. S. 1925. Subsequently, on March 30th, alias citation was issued for Hall P. Street, requiring him to appear and answer on April 30th. Copies of these several citations appear in the record here, but, so far as disclosed, no proper returns were made by the officers to show how, when, where, or upon whom, if any one, the process was served.

However, both defendants entered appearance by filing their answers "on or about March 15th," according to a finding by the trial judge in this proceeding. Thereafter, in pursuance of a prior and apparently regular setting, the case was called in its due order, and judgment was rendered on April 26th.

Upon said judgment, execution and order of sale was in due course issued to the sheriff of Maverick county, commanding him to levy upon and sell the land described in the decree of foreclosure, in accordance with law. Whereupon the Streets obtained a temporary injunction in the district court of said county of Maverick to restrain the threatened sale. The writ was made returnable to said district court of Maverick county.

The bank has brought this appeal from the order granting the temporary injunction, contending that, as the injunction operates to stay execution upon a judgment of the district court of Dallas county ordering the sale of specific property, it must be made returnable to and tried in the same court. Appellees contest the appeal upon the contention that the judgment of the Dallas court was void, as distinguished from a merely voidable judgment, and that therefore execution issued thereunder may properly be restrained by any other court of competent jurisdiction.

It is provided by statute that "writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. * * *" Article 4656, R. S. 1925.

It is conceded by appellees, and is so as a matter of well-settled law, that this statute applies, and that this injunction should have been made returnable to the Dallas court, which rendered the judgment, unless that judgment was affirmatively shown to be void by its own recitals, or by facts disclosed in the judgment roll. 25 Tex. Jur. p. 703, § 259, and authorities there cited.

So is it conceded by appellees, and it is true, that the judgment complained of is not void upon its face; that there is nothing in, or omitted from, its terms which renders it void.

But it is contended by appellees that the record roll in the Dallas court discloses matters which render the judgment void, that the alias citation issued to H. P. Street shows that the cause was returnable on April 30th, and that the judgment rendered upon an earlier date, April 26th, was premature, and therefore void.

So the controlling question presented is whether the judgment of the district court of Dallas county is void as a matter of law. We conclude that it is not void, but, at its worst, is only voidable.

It is perfectly obvious from the record that the Dallas court had jurisdiction over the subject-matter of the suit, to wit, the foreclosure of a lien upon real estate.

So is it equally obvious that that court acquired jurisdiction over the persons of the defendants by their entering a personal appearance through the filing of answers, presumably upon the merits, and without reservations.

The general rule is well settled that, "where a court of general jurisdiction, in the exercise of its ordinary judicial functions [as is clearly apparent here], renders a judgment in a cause in which it has jurisdiction over

the person of the defendant and the subject-matter of the controversy, such judgment is never void, no matter how erroneous it may appear, from the face of the record or otherwise, to be." Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876, 877.

Appellees' specific contention is that the original citation was irregularly served upon Hall P. Street, requiring that alias citation issue for and be served upon him; that in this alias citation the defendant was cited to appear and answer on April 30th, and that therefore the court had no power to render judgment in the case until that date; that, consequently, the judgment, rendered, as it was, at an earlier date, April 26th, was premature and beyond the power and jurisdiction of the court; and that a judgment thus prematurely rendered is void. These contentions do not survive analysis.

A sufficient answer to these contentions is that it does not appear from the judgment roll, as it is presented here, that the original citation, or either of them, or the service thereof, was irregular or vitally defective, and, so far as the record in that cause shows, judgment could properly have been rendered at any time after April 9th, in pursuance of those citations.

Another answer is that the record in that cause, as disclosed here, does not by any proper returns of the officer to whom those citations, or the alias citation, was issued, show when, or how, or upon whom, if ever, those several writs were served, or that either or all of them were ever served upon any person or persons. It is true that each of those citations bears the simple unsigned recitation to the effect that the named defendant "was served" on a specified date. It is perfectly obvious that such notations can serve no sort of purpose in testing, in a collateral proceeding, the jurisdiction of the court rendering judgment in such cause.

The result is that the judgment roll of the Dallas court, so far as it appears in this record, does not affirmatively disclose the time, manner, or fact of service of citation upon the defendants or either of them. And in such case, in a collateral proceeding, every presumption will be indulged in favor of valid and timely personal service upon the defendants.

There is this further presumption, conclusive in a collateral proceeding, that the answers of the defendants on file at the time of judgment were unconditional and were filed at such time as to empower the court to proceed to trial in the cause at any time, or certainly at any time after the next return or appearance day, which those fragments of the judgment roll, incorporated in the record before this court, show was April 9th, whereas the judgment was not rendered until April 26th.

It is true that in this proceeding the trial court found numerous facts which support appellees' contentions, such as the dates of service of the original and alias citations issued in the Dallas court, and the insufficiency of service of the original citation upon Hall P. Street, the dates of the filing of appellees' "formal" answers herein, the method and facts of the setting, calling, and trial of the case. These findings can be given no effect in this collateral proceeding, however, because they are based upon extraneous evidence, not apparent from the judgment roll in the Dallas court. They might be effective in a direct attack to show that the judgment of the Dallas court is voidable, but not in a collateral attack to show that it is void.

We do not here decide the question of whether a judgment prematurely rendered is void or merely voidable. This question is raised, but, as the record of the court rendering the questioned judgment does not affirmatively show that judgment to have been prematurely rendered, there is no occasion hereto to decide or discuss the point.

From the facts and conclusions stated, it seems perfectly obvious that the record in this cause does not show the judgment of the Dallas court to be void, and therefore, under the provisions of article 4656, and the decisions thereon, the writ of injunction issued by the district court of Maverick county should have been made returnable and triable in the district court of the 116th district of Dallas county, in which the questioned judgment was rendered. Gohlman, etc., Co. v. Whittle, 115 Tex. 9, 273 S. W. 808; Carey v. Looney, 113 Tex. 93, 251 S. W. 1040; Dallas Joint Stock Land Bank v. Ray (Tex. Civ. App.) 71 S.W.(2d) 589.

The judgment is reversed, and the cause remanded to the court below for further proceedings in consonance with this opinion.