## RAILROAD COMMISSION et al. v. McDONALD.

### No. 1810. ;

Court of Civil Appeals of Texas. Waco.

Dec. 17, 1936.

Wm. McCraw and W. J. Holt, both of Austin, and Bailey Shepperd and J. A. Stanford, Jr., both of Longview, for appellants.

J. M. Chandler, of Abilene, and Polk Springs, of Austin, for appellee.

ALEXANDER, Justice.

W. H. McDonald, a resident of Eastland county, brought this suit in the Seventy-Seventh district court of Limestone county against the Railroad Commission of Texas, the Attorney General, the sheriff of Rusk county and J. I. Dyer of Rusk county for an injunction. It was alleged in substance that the Attorney General had recovered a judgment in the district court of Travis county against the Gilliland Re-fining Company for confiscation, seizure, and sale of 450,000 barrels of crude oil; that the court in which said judgment had been obtained had issued an execution to the sheriff of Gregg county ordering said oil seized and sold; and that the sheriff was about to sell the same and would do so unless restrained. The plaintiff prayed for a temporary injunction enjoining the sale. The trial court granted a temporary injunction, and the defendants appealed.

The plaintiff did not attack the validity of the judgment nor the order of sale issued for the sale of the oil. Neither did he allege any peculiar or personal interest on his part in the controversy. His sole contention was that he was a taxpayer residing in Eastland county and was engaged in the business of producing and marketing oil, and that, if a large quantity of oil, such as was contemplated under the order of sale, should be placed on the market and sold, it would materially reduce the price of crude oil in Texas, and that he, as a taxpayer and as a producer of oil, would suffer as a result thereof. The petition did not allege that any of the parties resided in Limestone county where the writ was sued out, nor did it allege any reason for not applying to the district court of Travis county for the issuance of the writ. The trial judge in issuing the writ ordered the same returnable to the Seventy-Seventh district court of Limestone county and not to the district court of Travis county.

In our opinion, the trial court was without jurisdiction to grant the injunction. R.S. art. 4656, requires that writs of injunction "to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered." It has universally been held that such statute applies to proceedings brought to enjoin the execution of an order of sale. Gohlman, Lester & Co. v. Whittle, 115 Tex. 9, 273 S.W. 806; Matthews v. Eyres (Tex.Civ.App.) 206 S.W. 963; Brunson v. Donald (Tex.Civ.App.) 3 S.W.(2d) 596; Glenn v. Green (Tex.Civ. App.) 65 S.W.(2d) 386, and authorities there cited; 11 Tex.Jur. 789. It has been held that the statute above referred to has to do with jurisdiction and not merely venue and that an attack upon a judgment to be direct must be brought in the court where such judgment was rendered. Switzer v. Smith (Tex.Com.App.) 300 S.W. 31, 68 A.L.R. 377. The Revised Statutes, art.

4643, authorizes one court, or the judge thereof, to grant an injunction staying an execution issued from another court in certain instances, but in all such cases requires such injunction proceedings to be returnable to the court in which the original judgment was rendered. No attempt to comply with the provisions of that statute was made, and therefore it has no application here.

We are also of the opinion that the plaintiff showed no such special interest in the subject matter, nor peculiar injury to himself, as would authorize him to maintain this suit. See 24 Tex.Jur. 231; Lawson v. Baker (Tex.Civ.App.) 220 S.W. 260, par. 1, and authorities there cited.

Since the appellee was not entitled to the injunction as prayed for by him, the judgment of the trial court is reversed and the injunction dissolved.