**TEXAS LIQUOR CONTROL BOARD v. WARFIELD.**

**No. 2069.**

Court of Civil Appeals of Texas. Waco.

Jan. 12, 1939.

Wm. McCraw, Atty. Gen., and Leon O. Moses and Victor W. Bouldin, Asst. Attys. Gen., for appellant.

Darden, Burleson & Wilson, of Waco, for appellee.

GEORGE, Justice.

This is an appeal by Texas Liquor Control Board from a judgment of the district court setting aside an order of its administrator of September 2, 1937, denying appellee, Warfield, a package store permit for the period commencing September 1, 1937 and ending August 31, 1938.

The administrator refused the permit on the sole ground that he had, on May 3, 1937, canceled appellee's package store permit covering period extending from September 1, 1936 to August 31, 1937, because one of appellee's employees had, on Sunday, March 14, 1937, in McLennan county, without appellee's consent and knowledge and against his instructions, sold and delivered one-half pint of whiskey not upon a prescription issued by a duly licensed physician to an employee of appellant.

The pertinent provisions of the Penal Code, Vernon's Annotated Statutes, in force on September 2, 1937, read as follows:

"Art. 666—11. The Board or Administrator shall refuse to issue a permit to any applicant either with or without a hearing if it has reasonable grounds to believe and finds any of the following to be true: * * * (2). That the applicant has violated any provision of this Act or any rule or regulation of the Board during the previous permit period."

"Art. 666—13. Any permit granted under this Act shall be a purely personal privilege, * * * good for the year in which issued, and ending on August 31st of each year at 12 o'clock midnight, * * *."

■ Thus, the controlling question presented to the trial court for determination was whether the facts supported the administrator's finding that appellee had violated any provision of the Act during the previous permit period commencing September 1, 1936 and ending August 31, 1937. Texas Liquor Control Board v. Floyd, Tex. Civ.App., 117 S.W.2d 530; Texas Liquor Control Board v. Tschoerner, Tex.Civ.App., 117 S.W.2d 121; Texas Liquor Control Board v. Warfield, Tex.Civ.App., 110 S. W.2d.646.

■ Therefore, it is manifest that this case is now moot for the actual controversy between the parties ceased to exist on September 1, 1938, and that the question sought to be determined has not since then rested upon existing rights of either party. Speed v. Keys, 130 Tex. 276, 109 S.W.2d 967; Trent v. Kennedy, Tex.Civ.App., 109 S.W.2d 327; Hamner v. Headrick, Tex. Civ.App., 66 S.W.2d 1106; Richmond v. Hog Creek Oil Company, Tex.Com.App., 239 S.W. 904; Love v. Griffith, Tex.Civ. App., 236 S.W. 239; Commissioners' Court of Nacogdoches County v. Winder, Tex.

Civ.App., 113 S.W.2d 277; 3 Tex.Jur. sec. 25, p. 69, sec. 30, pp. 74-75. And each party shall pay the costs incurred by him in this and the trial court. McAfee v. Staerker, Tex.Civ.App., 116 S.W.2d 789; Spratling v. Smith, Tex.Civ.App., 68 S. W.2d 278.

The appeal is dismissed.