## WALTRIP v. STATE.
### No. 1909.

Court of Civil Appeals of Texas. Eastland.
May 26, 1939.

512

W. E. Martin, of Abilene, for appellant.
Esco Walter, of Abilene, for the State.

GRISSOM, Justice.

The State of Texas instituted this suit, alleging, in substance, that J. M. Waltrip was maintaining a house in a dry area where he sold and permitted the sale of "intoxicating liquor", "malt liquor", "whiskey", etc., in violation of law, thereby maintaining a common nuisance. The prayer was (1) that the described premises be padlocked; (2) that Waltrip be enjoined from maintaining the alleged common nuisance; and (3) for general relief.

The State of Texas will be hereinafter referred to as plaintiff and J. M. Waltrip as defendant.

Upon a trial to the court, judgment was rendered finding defendant guilty of maintaining a nuisance at the place described in plaintiff's petition. It was ordered that the house which defendant was operating "be closed for a period of one year from the date of this judgment", unless a bond be given and approved by the court in the penal sum of One Thousand Dollars, conditioned that "liquor" would not thereafter be sold, etc., at said place, and that defendant would pay all fines, costs and damages assessed against him for any violation "of this act". It was further ordered that a designated officer "close the above described property, unless the bond is executed as aforesaid".

It will be observed that defendant was not enjoined from selling intoxicating liquor, etc., and, aside from the adjudication that defendant was guilty of maintaining a nuisance, the order was to the effect that said house be closed for the period of one year from the date of the judgment, unless said bond was executed. The record discloses that the bond was not executed and the officer so directed, "padlocked" the house.

Defendant's motion to vacate or modify the injunction was overruled and the defendant has appealed.

As heretofore stated, the order was that the defendant's house "be closed for a period of one year from the date of this judgment." The date of the judgment was March 19, 1938. It is apparent that the only punishment assessed was the closing of defendant's house for a period of one year from March 19, 1938. Since said period of time during which the house was, or could be, closed under said judgment has already expired, the questions involved in this suit and appeal have become moot. It so appearing, it becomes our duty to dismiss the cause. McWhorter v. Northcut, 94 Tex. 86, 58 S.W. 720; Cisco Independent School Dist. v. Dudley, Tex.Civ.App., 53 S.W.2d 639; Dallas Joint Stock Land Bank v. Ray, Tex.Civ.App., 71 S.W.2d 589; Spratling v. Smith, Tex.Civ.App., 68 S.W.2d 278; Oliver v. Freeland, Tex.Civ.App., 74 S.W.2d 711; Logan v. First National Bank & Trust Co. of Tulsa, Tex.Civ.App., 70 S.W.2d 763; City of Lubbock v. Steagall, Tex.Civ.App., 45 S.W.2d 996; Hamner v. Headrick, Tex.Civ.App., 66 S.W.2d 1106.

It is so ordered.