## Columbia National Bank, Appellant, *v.* Powell.

*Escheats—National banks—Doing business—Act of June 7, 1915,*
*P. L. 878.*

The escheat Act of June 7, 1915, P. L. 878, does not apply to national banks doing business in Pennsylvania. The act applies only to institutions governed by the laws of this State.

Argued Jan. 13, 1919. Appeal, No. 7, May T., 1919, by plaintiff, from decree of C. P. Dauphin Co., No. 37, Commonwealth Docket, 1916, No. 575, in equity, dismissing bill in equity in case of Columbia National Bank *v.* A. W. Powell, Auditor General. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Reversed.

Bill in equity to restrain the auditor general from enforcing the Escheat Act of June 7, 1915, P. L. 878, against a national bank. Before KUNKEL, P. J.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was decree dismissing the bill.

*John M. Freeman,* of *Watson & Freeman,* with him *H. F. Stambaugh,* for appellant.—The first section of the

act, which names the various companies required to file reports under the act, expressly limits such companies to those organized or doing business under the laws of Pennsylvania. It does not name national banks or show any intent to include them within the provisions of the act: Mathieson Alkali Works v. Mathieson, 150 Fed. 241; Bates v. Independent School Dist., 25 Fed. 192; Risley v. Village of Howell, 64 Fed. 453.

State legislation, referring to banks generally without mentioning national banks as such, is presumed to refer only to banks created under the laws of the State of Pennsylvania: Easton v. Iowa, 188 U. S. 220; Com. v. Ketner, 92 Pa. 372; Allen v. Carter, 119 Pa. 192; City of Pittsburgh v. First Nat. Bank of Pittsburgh, 55 Pa. 45.

*Wm. M. Hargest,* Deputy Attorney General, with him *Frank M. Eastman,* and *Francis Shunk Brown,* Attorney General, for appellee.—The act of assembly applies to national banks: First Nat. Bank v. Kentucky, 9 Wall. 353; Oregon v. First Nat. Bank of Portland, 61 Oregon 551.

OPINION BY MR. JUSTICE FRAZER, May 21, 1919:

The Columbia National Bank of Pittsburgh began proceedings in equity to restrain the auditor general from enforcing the provisions of the Escheat Act of June 7, 1915, P. L. 878, requiring banks and other corporations and persons to make annual reports to the auditor general showing property in their hands subject to escheat under the provisions of the statute. While the constitutionality of the act is attacked on various grounds, covered by our opinion in the case of Trust Cos. v. Powell, filed herewith (the preceeding case), the only question now requiring consideration is whether the law applies to deposits in national banks doing business within this State.

The title of the act so far as it relates to bank deposits, provides generally for "the escheat of deposits of money,"

etc.   Section 1 requires a report of deposits to be made by "every person, bank, safe deposit company, trust company and corporation organized or doing business under the laws of this Commonwealth." That a national bank is not organized under the laws of this Commonwealth, but on the contrary is organized, chartered and does business under and by virtue of federal laws, is, of course, conceded. The auditor general contends, however, that an intention on the part of the legislature that the act should apply to national banks is apparent from the wording of section 1, above quoted, which includes corporations "organized or doing business under the laws of the Commonwealth." It will be observed that although appellant is "doing business" within the Commonwealth it does not necessarily follow that it is transacting business "under the laws" of the Commonwealth. True, in carrying on its business within the State a national bank conforms to State laws in so far as they are not in conflict with federal statutes, yet such bank obtains no franchise or authority from the State, but owes its existence and its right to do business solely to acts of congress. The State may not impose additional conditions or restrictions upon the right of such institutions to do business, nor may it in any way regulate or interfere with their conduct, or management, concerning matters subject to the control of congress. As a result of their status we have held that State statutes referring in general terms to banks will not be construed to include national banks, in absence of express provision to that effect: Commonwealth ex rel. v. Ketner, 92 Pa. 372; Allen v. Carter, 119 Pa. 192. Had the legislature intended to include banks doing business under federal laws such intention would, undoubtedly, have been shown in general terms by applying the provisions of the act to all banks doing business within this Commonwealth, in which case the language would probably have been sufficiently comprehensive to include those operating under federal charters; we are not, however, called

on to decide that question and do not do so. The fact that the legislature used the limited phraseology, rather than that of a general character, indicates an intention to confine the act to institutions governed by the laws of this State, and thus to exclude national banks.

The decree of the court below sustaining a demurrer to the bill is reversed and the bill is reinstated and it is now ordered, adjudged and decreed that appellee is enjoined from enforcing the provisions of the act against plaintiff banks incorporated under the laws of the United States. Costs to be paid by the Commonwealth.