## National Banks.

*National banks—Emergency Profits Tax Act of June 28, 1923.*

National banks are not subject to taxation under the Emergency Profits Tax Act of June 28, 1923, P. L. 876.

Department of Justice. Opinion to Hon. Samuel S. Lewis, Auditor General.

WOODRUFF, Att'y-Gen., Feb. 5, 1923.—I am in receipt of your letter of the 29th ultimo, requesting my opinion as to whether or not national banks are subject to taxation under the Emergency Profits Tax Act of June 28, 1923, P. L. 876.

The shares of stock of national banks are now taxable in Pennsylvania under the provisions of the Act of July 15, 1897, P. L. 292, unless the said act has been superseded by the Emergency Profits Tax Act of June 28, 1923, P. L. 876. The Amendment of March 4, 1923, to section 5219 of the Revised Statutes of the United States (42 Stat. at L. 1499), provides that national banks may be taxed by the several states in one of three ways: (a) on their shares of stock; (b) on their net income; and (c) on the dividends derived from the shares of stock. Three methods may thus be adopted, but the one adopted is exclusive of the other two. If, therefore, it were held that the Emergency Profits Tax Act of June 28, 1923, applies to national banks, it must follow that the Act of 1897 is superseded by the said Emergency Profits Tax Act. It is not to be assumed that the intention of the legislators was to supersede the said Act of 1897 by a tax which is to be operative but for two years, after the expiration of which period there will be no law whatever in existence providing for the taxation of national banks.

Furthermore, I very much doubt whether the term "corporation . . . organized by or under the laws of the United States, . . ." in the Emergency Profits Tax Act, covers national banks.

In Columbia National Bank v. Powell, 265 Pa. 85 (1919), it was contended on the part of the Commonwealth that national banks were within the meaning of the Escheat Act of June 7, 1915, P. L. 878, in that they were "organized or doing business under the laws of the Commonwealth," but the Supreme Court held: "It will be observed that, although appellant is 'doing business' within the Commonwealth, it does not necessarily follow that it is transacting business 'under the laws' of the Commonwealth. True, in carrying on its business within the State, a national bank conforms to State laws, in so far as they are not in conflict with Federal statutes, yet such bank obtains no franchise or authority from the State, but owes its existence and its right to do business solely to Acts of Congress. The State may not impose additional conditions or restrictions upon the right of such institutions to do business, nor may it in any way regulate or interfere with their conduct or management concerning matters subject to the control of Congress. As a result of their status, we have held that State statutes referring in general terms to banks will not be construed to include national banks, in the absence of express provision to that effect: Com. ex rel. v. Ketner, 92 Pa. 372; Allen v. Carter, 119 Pa. 192."

If a reference to banks in general terms will not be construed to include national banks, then, *a fortiori*, a State statute referring in general terms to "corporations" will not be construed to include national banks.

I am, therefore, clearly of the opinion that national banks are not within the contemplation of the Emergency Profits Tax Act.

From C. P. Addams, Harrisburg, Pa.