T. E. BALLARD, INDEPENDENT EXECUTOR, ET AL. V. THE DALLAS
JOINT STOCK LAND BANK OF DALLAS.

No. 6793.   Decided November 21, 1934.
Motion for Rehearing Overruled January 23, 1935.
(76 S. W., 2d Series, 1042.)

*F. T. Baldwin,* of Houston, for plaintiffs in error.

*Renfro & McCombs, James A. Kilgore* and *Robt. B. Burgess,*
all of Dallas, for defendants in error.

MR. CHIEF JUSTICE CURETON delivered the opinion of the
court.

This case is before us by writ of error granted T. E. Ballard
et al., and is one of a series of Moratorium Cases heard by us in
October.   The nature of the case is stated in the application
for writ of error as follows:   Briefly, the Dallas Joint Stock
Land Bank of Dallas, on October 27, 1933, recovered judgment
in the District Court of Dallas County against T. E. Ballard,
Independent Executor, and others for $40,940.08, and for fore-
closure of deed of trust liens upon certain lands in Haskell
County, Texas.   After the judgment became final, an order
of sale was issued and was executed by the Sheriff to the ex-
tent of giving notice, as provided by law, of the proposed sale
of the land on March 6, 1934.

The instant suit was filed in the District Court of Haskell
County by the defendants in said judgment to enjoin the sale
under authority of Chapter 16, p. 42, General and Special Laws,
43d Legislature, Second Called Session, known as the Mora-
torium Act of 1934.

A temporary restraining order was granted, and had the

effect of preventing the sale as advertised. At a hearing of the case, held March 10, 1934, for the purpose of determining whether the injunction sought should be granted, the Court entered its order granting same, with the effect of staying execution of the order of sale until December 1st, 1934.

The Dallas Joint Stock Land Bank of Dallas appealed the case to the Court of Civil Appeals for the Eleventh (Eastland) District, and that Court upon hearing reversed the cause and dismissed the case upon the ground that the bank was exempt from the provisions of the Moratorium Law. (74 S. W. (2d) 297).

We do not find it necessary to determine the question as to whether or not the bank was exempt from the provisions of the Moratory Act, nor whether or not the District Court of Haskell County could enjoin the execution of a judgment of the District Court of Dallas County as authorized by the Moratorium Law, and we do not do so.

In an opinion this day delivered, 124 Texas, 45, 76 S. W. (2d) 1007, in the case of The Travelers' Insurance Company v. Marshall we held that the Moratory Act here involved, Chapter 16, Acts Second Called Session of the 43d Legislature, was void because it impaired the obligation of contracts, in violation of Section 16, Art. 1, of the Constitution of Texas.

Since the only relief sought by plaintiffs in error in the trial court was that provided for in the void Moratory Act, and since the action of the trial court was authorized by and predicated alone upon that Act, it follows that the action of the Court of Civil Appeals in reversing the judgment of the District Court and dismissing the cause was correct. The restraining order heretofore issued by this Court is dissolved.

For the reasons here stated the judgment of the Court of Civil Appeals is affirmed.