ELLINGSON, et ux, Respondents, v. THE IOWA JOINT STOCK LAND BANK OF SIOUX CITY, IOWA, Appellant.

(264 N. W. 516.)

(File No. 7843. Opinion filed January 10, 1936.)

H. Van Ruschen, of Salem, and Kindig, Faville & Mathews, of Sioux City, Iowa, for Appellant.

E. A. Berke, of Brookings, for Respondents.

T. R. Johnson, of Sioux Falls, amicus curiæ.

CAMPBELL, J. Defendant is a joint stock land bank organized and existing under the provisions of the Federal Farm Loan Act (Act of July 17, 1916, c. 245, 39 Stat. 360), and acts and executive orders supplementary thereto and amendatory thereof (U.S.C.A. tit. 12, § 641 et seq.). September 1, 1922, plaintiffs, husband and wife, owners of certain realty in Moody county, S. D., mortgaged the same to defendant, Joint Stock Land Bank, to secure the payment of $5,000. Default ensuing under the terms of this mortgage, defendant bank proceeded to the foreclosure thereof by advertisement pursuant to the power of sale therein, and purchased at the sale, sheriff's certificate of sale being duly executed and delivered to defendant and recorded in the office of register of deeds of Moody county, S. D., together with proper sale record,

on May 22, 1934. As a result of these proceedings and under the statutes of this state then in force, the normal period of redemption from said foreclosure sale would expire on May 22, 1935.

On March 2, 1935, the Legislature of this state passed and transmitted to the Governor for his approval, and on the same day the Governor did approve, House Bill 20 of the Twenty-fourth Legislative Session (chapter 178, Laws 1935), being what has become popularly known during the last few years as a "Mortgage Moratorium Law." The statute purports to be an emergency measure and recites that, "This Act shall be in full force and effect from and after its passage and approval." In general scheme and intention, it does not much differ from similar statutes passed during recent years in some twenty-five other states. See 47 Harv. Law Rev. p. 660; 1 Univ. Chicago Law Rev. p. 249. We deem it unnecessary for the purposes of this opinion to quote the statute in its entirety or undertake to set it forth in complete synoptic view. It purports to have general application to mortgages made prior to the passage and approval of the act and to mortgages previously foreclosed if the period of redemption has not yet expired. It purports to authorize the circuit court, upon petition of the mortgagor and subject to certain stated conditions, restrictions, and requirements, to make an order "extending the normal period of redemption to and until March 1, 1937, and postponing the issuance of sheriff's deed until then." Section 10 of the act provides that either party aggrieved by such order as the court may enter may appeal to the Supreme Court within twenty days, and section 11 provides: "No costs of any kind shall be taxed to or against either party in hearings had under the provisions of this Act or on appeal to the Supreme Court but each party shall pay their own costs."

Section 2 of the act exempts certain mortgages from the operation thereof by the following language: "This Act shall not apply to mortgages held by the State of South Dakota, or by the United States Government, or any agent, agency, or instrumentality of the United States, or any corporation or association, whose obligations are guaranteed in whole, or in part, by the United States, nor to any mortgage held as security or pledge to secure the payment of a public debt or deposit of public funds."

After the passage and approval of this statute, and prior to the expiration of the year of redemption, plaintiffs on April 18, 1935, applied to the circuit court of Moody county, S. D., wherein the land was situated, for an order as contemplated by the statute extending the period of redemption from the foreclosure sale of defendant's mortgage from May 22, 1935, to and until March 1, 1937, and postponing the issuance of sheriff's deed until the latter date. Order to show cause was issued and defendant appeared and resisted said application, but upon May 10, 1935, the circuit court duly made and entered its order granting the extension as requested and permitting plaintiffs to remain in possession of the realty in the meantime, subject to certain requirements as to farming the premises and turning over certain shares of the crops raised thereon to defendant.

From the making and entering of such order, defendant promptly and within the statutory time perfected an appeal to this court and urges here three contentions, which may be stated as follows:

First, that the mortgage of appellant is exempt from the operation of the act under the language of section 2 thereof, above quoted.

Second, that the act contravenes both the State and Federal Constitutions and is invalid in its entirety.

Third, that the emergency clause attempted to be attached to the act is invalid and consequently that the act could not, in any event, be in force or effect at the time it was invoked by respondents and relied upon by the circuit court or at any time prior to July 1, 1935 (section 5111, R. C. 1919; Constitution S. D., § 22, art. 3).

■ ■ Reverting now to appellant's first contention above stated, that it is exempted from the operation of the act by the express terms of section 2 thereof, hereinbefore quoted, it will be noted that the language of section 2 in this connection is extremely broad. It is stated that the act shall not apply to mortgages held by "any agent, agency, or instrumentality of the United States." In view of this language, we are not at liberty to say that the Legislature intended to include some agents, agencies, or instrumentalities of the United States and exclude others. Both the

Legislature and this court must abide' by the reasonable intendment of the language used and the sole question is whether or not appellant, Joint Stock Land Bank, is, in fact and in law, an agent, agency, or instrumentality of the United States. It does not seem necessary to undertake to analyze in detail the multitudinous provisions of the federal statute by virtue of which appellant corporation exists. Appellant is a corporate entity, and so likewise are the federal land banks, the creation and formation of which are provided for by the same federal statute. One of the differences between the federal land banks and the joint stock land banks is that the government of the United States may purchase or subscribe for capital stock of the former but not of the latter. But it is law, too long established to be now controverted, that a corporation may be an agency or instrumentality of the United States, notwithstanding the private ownership of all the corporate stock. See Farmers' & Mechanics' Nat. Bank v. Dearing (1875) 91 U. S. 29, 23 L. Ed. 196; Christopher v. Norvell (1906) 201 U. S. 216, 26 S. Ct. 502, 50 L. Ed. 732, 5 Ann. Cas. 740; First Nat. Bank of San Jose v. California (1923) 262 U. S. 366, 43 S. Ct. 602, 67 L. Ed. 1030. It is held by the Supreme Court of the United States that the federal land banks and joint stock land banks are agencies or instrumentalities of the United States, and indeed the Supreme Court holds that the power of the Congress of the United States under the Federal Constitution to enact a law providing for the creation of such banks must depend upon the fact that such banks when created will be agencies or instrumentalities of the United States. Smith v. Kansas City Title & Trust Co. (1920) 255 U. S. 180, 41 S. Ct. 243, 65 L. Ed. 577. Cf. also Federal Land Bank v. Crosland (1923) 261 U. S. 374, 43 S. Ct. 385, 67 L. Ed. 703, 29 A. L. R. 1. The Texas courts have held that mortgages owned by a joint stock land bank were exempt from the operation of a Mortgage Moratorium Law, wherein the language of the statutory exempting clause was appreciably narrower than our own. See Dallas Joint Stock Land Bank v. Ballard (Tex. Civ. App. 1934) 74 S. W. (2d) 297, affirmed on appeal 124 Tex. 113, 76 S. W. (2d) 1042. We are of the opinion that mortgages owned by joint stock land banks are exempt from the operation of chapter 178, Laws 1935, by virtue of the express language of section 2 of the statute.

Whether the Legislature of this or any other state could lawfully subject mortgages so owned to the operation of a State Mortgage Moratorium Law we express no opinion. We are satisfied that the language of our law precludes the view that our Legislature has so attempted.

The conclusion at which we have arrived as to the validity of appellant's first contention suffices for the disposition, not only of this appeal, but of this entire proceeding, since it requires the reversal of the order appealed from and a remand with directions to the circuit court to dismiss the proceeding therein instituted by respondents.

Under these circumstances, it is neither necessary nor proper for us to pass upon the constitutional questions presented by the second and third contentions of appellant, as hereinbefore stated, and we expressly refrain from passing upon those contentions or either of them.

No costs will be taxed upon this appeal. To avoid any inference that by denying costs we are indirectly determining the constitutionality or validity of chapter 178, Laws of 1935, as a whole, or of section 11 thereof, we state that the denial of costs is without any reference whatsoever to the statute and is solely an exercise of the discretion which has always existed in this court with reference to costs on appeal.

The order appealed from is reversed and the cause remanded with directions to the circuit court to dismiss the petition of plaintiffs-respondents.

POLLEY, P. J., and ROBERTS and RUDOLPH, JJ., concur.
WARREN, J., deeming himself disqualified, not sitting.