UNION JOINT STOCK LAND BANK OF DETROIT *v.* KISSANE.

1. STATES—BANKS ORGANIZED UNDER NATIONAL BANKING ACT.
   The State has no power to obstruct or interfere with the proper functions and legitimate operations of a bank organized under a national banking act.

2. MORTGAGES—MORATORIUM RELIEF—NATIONAL BANKS.
   The mortgage moratorium law does not seek to regulate, obstruct, or interfere with the proper functions and legitimate operations of national banks since, in loaning money such banks subject themselves to the laws of the State which prescribe and regulate the remedy in foreclosure proceedings (Act No. 98, Pub. Acts 1933, as amended).

3. SAME—REMEDY OF FORECLOSURE—CHANGE—IMPAIRMENT OF CON-
TRACTS.

   The remedy of foreclosure of a mortgage is one which may be
   altered provided no substantial rights are taken away or
   contract obligations impaired. (U. S. Const., art. 1, § 10;
   Mich. Const., art. 2, § 9).

4. SAME—MORATORIUM RELIEF—IMPAIRMENT OF CONTRACTS.

   The mortgage moratorium act does not impair the obligations
   of a contract but merely grants an extension of time upon
   proper showing and equitable terms (U. S. Const., art. 1, § 10;
   Mich. Const. 1908, art. 2, § 9; Act No. 98, Pub. Acts 1933,
   as amended).

5. BANKS AND BANKING—STATE STATUTES.

   It is only when a State law incapacitates national banks from
   discharging their duties to the government that it becomes
   unconstitutional.

6. COSTS—PUBLIC QUESTION.

   No costs are allowed in proceeding by a joint stock land bank,
   organized under Federal farm loan act, to have State mort-
   gage moratorium act declared inapplicable to mortgages given
   to and owned by it, the question being a public one (Act
   No. 98, Pub. Acts 1933, as amended; 12 USCA, § 811
   *et seq.*).

Appeal from St. Clair; George (Fred W.), J.
Submitted October 6, 1936. (Docket No. 17, Cal-
endar No. 39,088.) Decided December 8, 1936.

Bill by Union Joint Stock Land Bank of Detroit,
a corporation, against Mary, Nellie and John Wil-
liam Kissane and another to foreclose a mortgage.
Petition by defendants Kissane for relief under the
mortgage moratorium act. From order granting
relief, plaintiff appeals. Affirmed.

*A. G. Masters* and *John W. Neville,* for plaintiff.

BUTZEL, J. Plaintiff on appeal denies the appli-
cability of Act No. 98, Pub. Acts 1933, as amended

(the moratorium act), to proceedings brought to foreclose a mortgage given to and owned by a joint stock land bank organized under the Federal farm loan act.* Plaintiff claims that it is a Federal instrumentality organized under a law designed to relieve the financial distress of farmers and that additional relief may not be extended to them by moratorium legislation. We accept plaintiff's contention that the State has no power to obstruct or interfere with the proper functions and legitimate operations of a bank organized under a national banking act. *Davis* v. *Elmira Savings Bank,* 161 U. S. 275 (16 Sup. Ct. 502) ; *Owensboro National Bank* v. *Owensboro,* 173 U. S. 664 (19 Sup. Ct. 537) ; *Easton* v. *Iowa,* 188 U. S. 220 (23 Sup. Ct. 288). The moratorium law, however, does not seek to regulate, obstruct or interfere with the proper functions and legitimate operations of national banks. In loaning money on mortgages, such banks subject themselves to the laws of the State which prescribe and regulate the remedy in foreclosure proceedings. That remedy may be altered, provided no substantial rights are taken away or contract obligations impaired.† Following the decision in *Home Building & Loan Ass'n* v. *Blaisdell,* 290 U. S. 398 (54 Sup. Ct. 231, 88 A. L. R. 1481), in which the Minnesota moratorium act was upheld, we held in *Russell* v. *Battle Creek Lumber Co.,* 265 Mich. 649, that the act did not impair the obligation of a contract, but merely granted an extension of time upon proper showing and equitable terms.

Our attention is called to the cases of *Leuthold* v. *Des Moines Joint Stock Land Bank of Des Moines, Iowa,* 197 Minn. 132 (266 N. W. 450), and *Dallas Joint*

* See 12 USCA, § 811 *et seq.*—Reporter.

† See U. S. Const. art. 1, § 10; Mich. Const. 1908, art. 2, § 9.

*Stock Land Bank of Dallas* v. *Ballard* (Tex. Civ. App.), 74 S. W. (2d) 297 (affirmed on other grounds in *Ballard* v. *Dallas Joint Stock Land Bank of Dallas,* 124 Tex. 113 (76 S. W. [2d] 1042). In each of these cases, however, the moratorium acts contained express provisions excluding Federal agencies from their operation. The Michigan moratorium act makes no such exception.

In *McClellan* v. *Chipman,* 164 U. S. 347 (17 Sup. Ct. 85), in discussing whether a Massachusetts statute invalidating preferences made by insolvent debtors applied to a national bank, the court stated the following rule which is applicable to the instant case:

"National banks 'are subject to the laws of the State, and are governed in their daily course of business far more by the laws of the State than of the nation. All their contracts are governed and construed by State laws. Their acquisition and transfer of property, their right to collect their debts, and their liability to be sued for debts, are all based on State law. It is only when the State law incapacitates the banks from discharging their duties to the government that it becomes unconstitutional.' * * *

"No function of such banks is destroyed or hampered by allowing the banks to exercise the power to take real estate, provided only they do so under the same conditions and restrictions to which all the other citizens of the State are subjected, one of which limitations arises from the provisions of the State law which in case of insolvency seeks to forbid preferences between creditors."

Again in *First National Bank in St. Louis* v. *State of Missouri,* 263 U. S. 640 (44 Sup. Ct. 213), where the State statute forbade banks from establishing branch banks, it was held that this statute also was

applicable to a national bank, the court again stating:

"Clearly, the State statute, by prohibiting branches, does not frustrate the purpose for which the bank was created or interfere with the discharge of its duties to the government or impair its efficiency as a Federal agency."

The decree of the lower court is affirmed, but without costs, the question being a public one.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.