ROSE *v.* UNION JOINT STOCK LAND BANK OF DETROIT.

1. MORTGAGES—MORATORIUM RELIEF—LIEN ON FARM CROPS—DISCRETION OF COURT.

Order granting mortgagor moratorium relief as to 80-acre farm property, entered in spring and requiring payment of an adequate specified sum on November 1st and giving a lien on crops grown on the place therefor *held,* not an abuse of discretion where record shows trial judge gave warning the order would be vacated if mortgagor who had no other property did not work the farm in a reasonable manner and notwithstanding probability of refinancing mortgage debt is not at all persuasive (Act No. 98, Pub. Acts 1933, as amended).

2. SAME—NATIONAL BANKS—MORATORIUM RELIEF.

A union joint stock land bank, organized under a national banking act *held,* subject to State mortgage moratorium act as to mortgages upon property located within the State (12 USCA, § 811 *et seq.*; Act No. 98, Pub. Acts 1933, as amended).

3. COSTS—BRIEFS.

No costs are awarded to appellees on appeal in mortgage moratorium case where they filed no brief.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted October 6, 1936. (Docket No. 12, Calendar No. 39,067.) Decided December 9, 1936.

Bill by Henry Rose and wife against Union Joint Stock Land Bank of Detroit for relief under the mortgage moratorium act. From order granting relief, defendant appeals. Affirmed.

*A. G. Masters* and *John W. Neville,* for defendant.

NORTH, C. J. Appellant foreclosed by advertisement a mortgage on an 80-acre farm owned by plain-

tiffs. The foreclosure sale was held April 29, 1935. In March, 1936, plaintiffs filed a bill of complaint seeking moratorium relief. (Act No. 98, Pub. Acts 1933, as amended). After taking testimony in open court the relief sought by plaintiffs was granted. The trial court enjoined defendant from interfering with plaintiffs' possession of the mortgaged property until March 1, 1937, and also provided that plaintiffs should pay to defendant as rental for the property $120 on or before November 1, 1936. It was further provided that payment of such rental should be secured to defendant by a lien upon the field crops grown on the mortgaged premises.

The first reason assigned in support of this appeal is that the court abused its discretion in entering the order for a moratorium. Neither in the trial court nor in this court is there serious complaint by the defendant that the rental value of the property as fixed by the court is insufficient to the extent of constituting an abuse of discretion. Rather the ground of complaint is that the mortgagee has no substantial assurance of being paid anything for the use of the property during the time it is deprived of possession by the order of the court. Appellant points out that this is true notwithstanding the lien upon the field crops because at the time the order was entered there were no crops on the land and the mortgagors might not put in any crops on which there could be such a lien. The pertinency of this objection is made apparent by the fact that during the preceding year Mr. Rose seems to have done practically nothing in the way of farming this property. However, all the parties were before the court and this matter was taken up by the court rather emphatically with Mr. Rose, and the court was assured that if moratorium relief were granted the

farm would be worked in a reasonable manner; and mortgagee's counsel were definitely advised, in the presence of Mr. Rose, that in event there was failure to properly farm the property the moratorium order would be vacated. As noted by the trial court, Mr. Rose was entirely without means to make payment on rental until crops could be put in on the land and harvested. Under such circumstances the court seems to have made payment at as early a date as was reasonably possible and to have secured such payment to the extent that it was possible to obtain security, Mr. Rose not possessing any other property. The mortgaged property consisted of 80 acres of good heavy clay loam land. Defendant bid in the property at the mortgage sale for $1,102.38. A little more than two years before, defendant had sold this property to plaintiffs for $1,500, $500 in cash and $1,000 purchase price mortgage. Had no moratorium been granted defendant could not have obtained possession prior to April 29, 1936. The rental fixed by the court was payable substantially six months later, which period has already run. If the $120 has been or is paid in substantial compliance with the order of the trial court appellant cannot seriously complain, such rental value having been fixed with due regard to accruing interest on the mortgage debt, payment of taxes and insurance. On the other hand if the rental fixed is not paid it is to be presumed that the trial court will forthwith vacate this rather liberal moratorium order and appellant be thereby enabled to assert its rights as the purchaser at the mortgage foreclosure sale. In view of all the circumstances appearing from this record, including the trial court's assurance to the mortgagee that the moratorium order would be set aside if there were apparent lack of a good faith effort on

the part of Mr. Rose to comply with the conditions of the order, we do not find there was such an abuse of discretion as justifies interference by this court. We so hold notwithstanding plaintiffs' showing as to a probability of refinancing the mortgage debt is not at all persuasive.

The remaining ground urged in support of this appeal is that defendant, because it is "a Federal instrumentality" * is not subject to the Michigan moratorium statutory provisions. This question was decided adversely to appellant in *Union Joint Stock Land Bank of Detroit* v. *Kissane*, 277 Mich. 668.

The order of the trial court is affirmed. Appellees have not filed a brief and no costs will be awarded.

Fead, Wiest, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.